963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Martin COVARRUBIAS-PADILLA, Defendant-Appellant.
 No. 88-5428.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided May 13, 1992.
 
 Before TANG, SCHROEDER and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Covarrubias-Padilla appeals his conviction following entry of a conditional guilty plea to possession with intent to distribute marijuana. He contends that the district court erred by denying his motion to suppress evidence. We have jurisdiction over this timely appeal and we affirm.
 
 
 3
 * Covarrubias-Padilla argues that the border patrol agent lacked "founded suspicion" to stop the truck that he was driving. We review de novo the district court's conclusion that founded suspicion existed. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989).
 
 
 4
 The fourth amendment forbids stopping a vehicle, even for the limited purpose of questioning its occupants, absent "a founded suspicion of criminal conduct." United States v. Salinas, 940 F.2d 392, 394 (9th Cir.1991). Founded suspicion must exist at the time the officer stops the vehicle. Id. Founded suspicion exists if "an officer is aware of specific articulable facts, that, together with rational inferences drawn from them, reasonably warrant a suspicion that the person to be detained has committed or is about to commit a crime." Id. (citing United States v. Cortez, 449 U.S. 411, 416-18 (1981)); see also United States v. Brignoni-Ponce, 422 U.S. 873, 884-85 (1975) (providing examples of factors relevant to the determination). "[T]he totality of the circumstances--the whole picture--must be taken into account." Cortez, 449 U.S. at 417.
 
 
 5
 In the case at hand, "the whole picture" encompasses a series of events and observations. On March 8, 1988 at approximately 5:30 a.m., foot traffic activated electronic sensors near the Tierra del Sol Road, about a half a mile north of the border. This sensor hit occurred in what the agents considered a "load area"--a place where drugs brought by foot across the border are loaded onto vehicles for transport further north. Tierra del Sol Road is the only road providing access to the area of the sensor hit. See United States v. Corral-Villavicencio, 753 F.2d 785, 789 (9th Cir.1985) (defendant's car observed about a half mile from the border at an unusual hour in an area where frequent contraband pickups made).
 
 
 6
 After having been advised of the sensor hit, border patrol agents Salvador Wilson and Ted Hampton drove in separate vehicles to the road. At about 6:10 a.m., Agent Hampton observed a white pickup truck, which did not appear to be local, proceeding southbound towards the sensor area. At about 6:30 a.m., Agent Wilson observed a white pickup truck heading north on the same road, returning from the sensor area. See Cortez 449 U.S. at 422 (Stewart, J., concurring) ("nocturnal round trip into 'desolate desert terrain' " at time when border patrol agents suspected aliens would be transported justified stopping truck); Corral-Villavicencio, 753 F.2d at 789 (defendant's "entrance to and exit from the area [with] time for a contraband pickup operation" provided one important factor in founded suspicion analysis).
 
 
 7
 Agent Wilson recognized the truck as the one he had observed in the area the week before, soon after a government investigator had told him that a white pickup truck would be retrieving drugs in the Tierra del Sol area. Particularly considering this background information, Covarrubias-Padilla's early morning drive south and then north on the road was not "equally consistent with noncriminal activity." Salinas, 940 F.2d at 393.
 
 
 8
 Covarrubias-Padilla correctly points out that, as Agent Wilson knew, the truck was not stolen, not weighted down in back, and not driven erratically. These are among the relevant factors in many cases. See Brignoni-Ponce, 422 U.S. at 884-85 (providing examples of relevant factors). The absence of these factors does not mean, however, that a stop is unconstitutional. See Hernandez-Alvarado, 891 F.2d at 1417-18 (discussing variety of circumstances in which founded suspicion existed).
 
 
 9
 We agree with the district court that, looking to the totality of the circumstances, the border patrol agent had a founded suspicion that the truck was engaged in criminal conduct.[1] Accordingly, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Given this holding, we need not address Covarrubias-Padilla's contention that the agent used questions about Covarrubias-Padilla's resident status as a pretext to stop the truck